UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EDWARD NORTRUP | § | |
| | § | |
| v. | § | CIVIL NO. 4:25-CV-328-SDJ |
| | § | |
| TOYOTA MOTOR CORPORATION, | § | |
| ET AL. | § | |

## AMENDED PROTECTIVE ORDER

The Court issues this Amended Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the

1

       confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to Confidential Treatment as described below.

2. Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for Confidential Treatment.

3. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected

Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order regarding any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to Confidential Treatment as provided in this Order. All Protected Documents are entitled to Confidential Treatment pursuant to the terms of this Order unless and until the parties agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to Confidential Treatment.

4. Confidential Treatment means that Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below:

   a. Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

      i. Outside counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;

      ii. Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

      iii. The Court;

      iv. Experts[1] (1) to whom disclosure is reasonably necessary for this action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in this section have been followed;

      v. Court reporters, videographers, interpreters, e-discovery/trial-support vendors, and their staff; and

      vi. Any mediator who is assigned to this matter, and his or her staff.

b. Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

Unless otherwise ordered by the Court or agreed to in writing by the parties, a party that seeks to disclose to an Expert any Confidential Information must

---

[1] "Expert" is defined as a person with specialized knowledge or experience in a matter pertinent to the action who (1) has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a party, and (3) at the time of retention, is not anticipated to become an employee of a party.

4

first make a written request to the opposing party that (1) sets forth the full name of the Expert, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom such work was done, (5) and identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. With regard to the information sought through part (4) of this disclosure, if the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose to the Expert shall be available to meet and confer with the opposing party regarding any such engagement.

A party that makes a request and provides the information specified in the preceding paragraph may disclose Confidential Information to the identified Expert unless, within ten (10) days of delivering the request, the party receives a written objection. Any such objection must set forth in detail the

grounds on which it is based. A party that receives a timely written objection must meet and confer with the opposing party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 10 days of the written objection.

Any party opposing disclosure to an Expert shall bear the burden of proving that the risk of harm that the disclosure would entail outweighs the need to disclose the Confidential Information to the Expert.

5. Outside counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

6. The term "copy" as used herein means any photographic, mechanical, or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

7. To the extent that Protected Documents or information contained therein are used in depositions, such documents or information shall remain subject to

the provisions of this Order, along with the transcript pages of the deposition referring to the Protected Documents or information contained therein.

8. Any court reporter or transcriber who reports or transcribes deposition testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such deposition testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

9. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

10. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

11. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

12. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

13. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

14. This Order applies with full force to documents, things, information, and testimony produced by any non-party in connection with this action ("Third-Party Material"). Any non-party may designate Third-Party Material "Confidential," and, upon such designation, that material shall be treated as "Protected Documents" to the same extent, and subject to the same rights and obligations, as if produced by a party under this Order. A non-party may obtain the benefits of, and will be deemed a "Producing Party" for purposes of, this Order by (i) receiving a copy of the Order with the subpoena or other

request, and (ii) affixing a "Confidential" designation to its Third-Party Material.

**So ORDERED and SIGNED this 29th day of October, 2025.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EDWARD NORTRUP | § | |
| | § | |
| v. | § | CIVIL NO. 4:25-CV-328-SDJ |
| | § | |
| TOYOTA MOTOR CORPORATION, | § | |
| ET AL. | § | |

## **EXHIBIT A**

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the Court in the above-captioned case. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to do so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

Title: _____

Address: _____

Signature: _____

Date: _____